UNITED STATES DISTRIC COURT

ESTER DISTRICT OF ARKANSAS

RECEIVED
U.S. DISTRICT COURT

2017 AUG 28 AM 9: 49

JAMES W. McCORMACK

BY:_____

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 28 2017

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

Abraham de Jesús Ortiz Moran

VS.

BY:_____    CASE#

Turn Key Health
J. Pratt
"Nurse" Mitchell
Dr. Cooper
Pulaski County Sheriffs Department

4:17-cv-545 KGB-JTK

## 42 U.S.C. § 1983 CIVIL RIGHTS COMPIAINT

## WITH STATE LAW TORTS UNDER 28 U.S.C § 1367

## I Jurisdiction

<u>1.</u> The United States Distric Court has exclusive jurisdiction claims and constitution torts pursuant to 42 U.S.C. § 1983.

<u>2.</u> The Unites States District Court has supplemental jurisdiction over states law torts, pursuant to 28 U.S.C. § 1367, because the claims are so related to other claims within this action

This case assigned to District Judge Baker
and to Magistrate Judge Kearney

2. (Continued) .... as to form the same case and controversy".

## II Venue

3. All acts described herein occurred at the Pulaski County Regional Detention Facility in Little Rock, Arkansas; which is located in EASTER DISTRICT OF ARKANSAS, therefore the venue is proper

## III Defendants and Capacity

4. Turn Key Health is a private corporation who has contracted with the Pulaski County Sheriff Deparment to provide medical care services to inmates incarcerated in the Pulaski County Regional Detention Facility, and is responsible for administering adequate medical care to Pulaski County prisoners, to include providing proper diagnosis of medical conditions and formulating adequate medical treatment plans; and, making referrals and outside specialists when the need for specialized medical care is obvious; and, communicating and co-ordinating with the Pulaski County Sheriff Department to ensure the means care made available to follow through with medical treatment plans and to provide specialized care. Turn Key Health has an employment address at the Pulaski County Regional Detention Facility at 3201 W. Roosevelt Rd. in little Rock, Arkansas. Turn Key Health is being sued in OFFICIAL CAPACITY and INDIVIDUAl CAPACITY for monetary damages.

5. J. Pratt is employed by Turn Key Health as a medical services administrator, and is responsible for direct oversight of medical

5. (Continued) — services, to include diligent supervison of subordinate medical personnel; formulating and facilitating operating procedures, and policies, to ensure that adequate appropriate and effective medical care is provided; and, to monitor individualized medical treatment plans of inmates who have special care needs, to ensure that those inmates recieve the type of specialized care needed; and, to monitor the "sick call" medical request process for efficiency, to ensure that inmates who have legitimate and serious medical problems recieve prompt appropriate treatmeant; and, to handle all other administrative duties, to include processing medical grievances and resolving problems identified by the medical grievance process. J. Pratt has an emploiment address at the Pulaski County Regional Detention Facility at 3201 W. Roosevelt Rd. in little Rock, Arkansas. J. Pratt is being sued in his OFFICIAL CAPACITY and INDIVIDUAL CAPACITY for monetary damages.

6. Nurse Mitchell is employed by Turn Key Health as the director of nursing, and is responsible for diligent supervision of subordinate medical personnel; and, to monitor individualized medical treatment plans of inmates who have spesial care needed; and, to monitor the sick call medical request process for efficiency, to ensure that inmates who have legitimate and serious medical problems recieve prompt appropriate treatment; and, to co-ordinate with the doctor in forming and facilitating individualized medical treatment plans. Nurse Mitchell has an employment address at the Pulaski County Regional Detention Facility at 3201 W. Roosevelt Rd. in Little Rock, Arkansas. Nurse Mitchell is being sued in his OFFICIAL CAPACITY and INDIVIDUAL CAPACITY for monetary damages.

7. Dr. Cooper is employed by Turn Key Health as a medical doctor, and is responsible for forming and monitoring individualized medical treatment plans of inmates who have special care needs, to ensure that those inmates recieve the type of specialized care needed: and has primary responsibility for providing adequate medical care to inmates who have been identified by the sick call medical request process as having legitimate and serious medical care needs, and ensuring that those inmates recieve prompt appropriate treatment, and monitoring the progress of those inmates to ensure that the medical care being provided is effective. Dr. Cooper has an employment address at the Pulaski County Regional Detention Facility at 3201 W. Roosevelt Rd. in Little Rock, Arkansas. Dr. Cooper is being sued in her OFFICIAL CAPACITY and INDIVIDUAL CAPACITY for monetary damages.

8. Pulaski County Sheriffs Department is a goverment agency which operates the Pulaski County Regional Detention Facility, and is responsible for the medical care of Pulaski County inmates. Although the Pulaski County Sheriffs Department to diligently monitor Turn Key Health's performance of contractual duties, providing adequate medical care, and specialized medical care when the needs of such care is indicated, to within its custody. Pulasky County Sheriffs Department is located 3201 W. Roosevelt Rd. in Little, Rock Arkansas. Pulaski County Sheriffs Department is being sued in OFFICIAL CAPACITY and INDIVIDUAL CAPACITY for monetary damages.

## IV EXHUASTION OF REMEDIES

9. The plaintiff, Abraham de Jesús Ortiz Moran, utilized the aivailable grievance procedure at the Pulaski County Regional Detention Facility, having filed grievances concerning the facts and issues which are the basis of this civil rights complaint, in an effort to exhaust the available administrative remedies pursuant to the requirements of the Prison Litigation Reform Act 42 U.S.C.§ ; however, Turn Key Health and Pulaski County Sheriffs Department has defaulted **3** times on the grievances by refusing to acknowledge and/or respond to the grievances, and, by deeming issues non-grievable and denying the plaintiff the appeal process (See attached EXIBITS A,B,C) Therefore, because the defendants repeatedly and intentionally defaulted on the grievance procedure concerning grievances on the facts and issues which are the basis of this civil rights complaint, exhaustion is complete.

## V STATEMENT OF CLAIM

10. The plaintiff suffer from a re-occuring medical condition which involv Gentanal Herpes, which was significant enough to require medical attention.

11. On May 25 2017, while being booked in at the Pulaski County Regional Detention Facility, medical personel employed by Turn Key Health conducted an intake medical screening, at which time the plaintiff informed the medical personel of his pre-existing and re-occurring medical condition involving Gentanal Herpes. The plaintiff further informed this medical personel that due to this medical condition, recent complications had arisen which were significant enough to require the plaintiff to obtain ...

11. (Continued).... medical attention from the Turn Key Health.

12. Because Turn Key Health medical personnel denied the plaintiff necessary medical treatment, as described the plaintiff experienced stress, worry and anxiety; along with other physical symptom associated with hy medical conditions, including pain in the lower abdomen and dizzyness.

13. The plaintiff was "seen" by Nurse Harrison in response to the sick call medical requests on 6/23/17. Being "seen" by Nurse Harrison is a farce which mocks the medical profession, as it consisted of only of having my vital signs and weight checked, as if any information concerning my Gentanal Herpes could be ascertained by such small measures as checking vital signs. The purpose of this was not to provide medical treatment for my serious medical condition; instead, the purse was to "appear" to be making efforts to provide treatment. It was all a facade and part of an unofficial policy of Turn Key Heal to systematically deny expensive medical treatment to inmates who need by Turn Key Health intentionally and knowingly employing insufficient and inadequate measures to properly dyagnose and treat inmates medical conditions.

14. The plaintiff continued to experience stress, worry, anxiety, dizziness, pain in the lower abdomen, due to the defendants denying him necessary medical treatment.

15. In the course of the performance of their official duties, including conducting diligent reviews of inmate health information obtained through the intake medical screening, the sick call medical request process, and the medical grievance process; Turn Key Health, J. Pratt, and Nurse Mitchell were made aware that the plaintiff suffered from a serious medical condition involving Gentanal Herpes, which medical professionals had recently determined to require prompt treatment by Certified Doctor specialist. However, Turn Key Health, J. Pratt and Nurse Mitchell purposely and intentionally denied the plaintiff this necessary medical treatment, choosing insted to make minimal and inadequate "treatment" efforts, for the purpose of creating the facade of "appearing" to provide to provide treatment.

16. Due to the continued denial of necessary medical treatment, the plaintiffs health further deteriorate, the plaintiffs experienced extreme pain in the lower abdomen and excessive dizziness causing the plaintiff to seek emergency medical attention by the office on duty, Deputy.

17. The Pulaski County Sheriffs Department, who has primary responsability for the care of Pulaski County inmates, has been made aware via the inmate grievance procedure, that Turn Key Health medical department is refusing to provide necessary medical care for the plaintiffs serious medical condition. The Pulaski County Sheriffs Department has refused to take corrective action.

18. All defendants have denied the plaintiff necessary medical treatment by a certified-doctor specialist, which has caused the plaintiff to needlessly suffer from the serious medical condition described in this complaint, for over 45 days.

19. All defendants have refused to make adequate diagnostic medical efforts necessary to determine the current severity of the plaintiff serious medical conditions, possibly exposing the plaintiff to life threatening complications, as a result of lack of treatment.

20. All defendants were deliberately indifferent, and recklessly disregarded the plaintiffs clearly established right to obviously needed medical care for the plaintiff serious medical condition.

21. All defendants acted under color of law at all times mentioned in this complaint.

22. All defendants acted in furtherance of an unofficial, tacit policy of Turn Key Health to employ insufficient and inadequate measures to treat and diagnose medical conditions, in an effort to "appear" legitimate in their refusal to make referrals and arrangements for inmates to recieve obviously needed specialized medical care, with the intent of minimizing operational cost of Turn Key Health.

# CONCLUSIONS OF LAW

23. All defendants denied the plaintiff adequate medical care, by the acts described                                   of this complaint—which I incorporate by reference; which violates the rights provided by the 8th and 14th Amendments of the United States Constitution. For these acts, all defendants are further liable for willful negligence, gross negligence, and medical malpractice, having commited torts againts the plaintiff, in violation of Article 2 of the Arkansas Constitution and Arkansas state tort laws; causing stress, physical injury, and psychological injury

24. All defendants facilitated and participated in an unofficial tacit policy of Turn Key Health to willfully and intentionally employ insufficent and inadquate medical treatment measures, for the purpose of intentionally failing to appropriately diagnose medical conditions, in an effort to "appear" legitimate in their refusal to make referrals care, with the inmates to recieve obviously needed specialized medical care, with the intent of minimizing corporate operational costs of Turn Key Health; AND, because of this, the plaintiff was denied obviously needed, and medicall necessary, treatment from a certified Doctor specialist. This violates the rights provided bay the 8th and 14th Amendments of the United States Constitution. For these acts, all defendants are further liable for willful negligence, gross negligence and medical malpractice, having committed torts against the plaintiff in violation of Article 2 of the Arkansas Constitution and Arkansas state tort laws; causing stress, physical injury and psychological injury.

Page 9 of 11

# VII PRAYER FOR RELIEF

25. This civil action demands a trial by jury on all issues triable by a jury.

26. This civil action demands monetary damages against Turn Key Health, J. Pratt, Nurse Mitchell, Dr. Cooper , and Pulaski County Sheriffs Department, as fallows:

(a) Turn Key Healt, J. Pratt, Nurse Mitchell, and Dr. Cooper are being sued for monetary damages in the amount of (25,000) twenty-five thousand dollars compensatory damages, jointly and severally; and, (100,000) on hundred-thousand dollars punitive damages, jointly and severally.

(b) Pulaski County Sheriffs Department is being sued for monetary damages in the amout of (1) one dollar nominal damages and (10,000) ten thousand dollars punitive damages

Page 10 of 11

I, _Abraham de Jesús Ortiz Moran_ , verify that this civil action and the facts contained therein, are true and correct to the best of my information, knowledge, and belief.

RESPECTFULLY SUBMITTED

SIGNATURE : _____

PRINTED NAME: _Abraham de Jesús Ortiz Moran_

ADDRESS    : 3201 W. Roosevelt Rd

City/STATE : _little Rock Ar 72204_

(STATE OF ARKANSAS)
(COUNTY OF PULASK)

Affiant _____ , being duly sworn under oath, has read and subscribed to the above and state that the information contained therein, is true and correct to the best of his information, knowledge, and belif.

SUBSCRIBED and SWORN before me on this _____ day of
_____ 2017

NOTARY PUBLIC : _____

MY COMMISSION EXPIRES: _____

Page 11 of 11

# GRIEVANCE FORM
## ONLY ONE (1) GRIEVANCE PER SHEET



FOR OFFICE USE ONLY:
#_____
Date Received: _____

**Inmate's Name:** Abraham O, liz      **Intake #:** 8808—17

**Unit:** U      **Job Assignment:** _____

**Have you discussed this problem with your Unit Deputy?  Yes** _____  **No** _____

**Provide a description, or explain the nature of your problem:**

I have waste alot of Sick Calls with no
responce and my loditions are getting worse
not better and I would banfit from some
real Med help

_____

_____

_____

_____

_____

_____

**What do you want to happen to solve your problem?**

Med Atten

**Inmate's Signature:** Abraham O, liz      **Date:** 6-15-17

**Is this an emergency situation?  Yes** ✓  **No** _____  **If so, explain why.**

_____

_____

(An emergency situation is one in which you may be subject to a substantial risk of bodily harm.  It should not be declared
for ordinary problems that are not of a serious nature.)  If you marked yes, you may give this completed form to any deputy
or department employee who will sign the attached emergency receipt, give you the receipt and deliver the remaining form,
without undue delay, to the Watch Commander, or designee.  **Reprisals:** If you are harmed or threatened because of your
use of the grievance form, report it immediately to the Watch Commander.
## **Abuse of this program will result in disciplinary action.**
### Tear Here

To be completed by the receiving member:
## RECEIPT FOR EMERGENCY SITUATIONS

**Received from which inmate? :** _____      **Intake #:** _____

**Date:** _____      **Time:** _____

_____      _____      _____
Printed Name of receiving member      D.S.N.      Signature of receiving member

**Branch Directive D05-0001**

Inmate's Name: _____ Intake #: _____ Grievance #: _____

## GRIEVANCE OFFICER'S DECISION

_____
_____
_____
_____
_____
_____
_____
_____
_____

_____        _____        _____        _____
Signature of Grievance Officer or Designee        Title        D.S.N.        Date

_____        _____
Signature of inmate receiving response        Date

## INMATE'S APPEAL

If you are not satisfied with this response you may appeal this decision within ten (10) days by completing the information below.  **Remember, you are appealing the decision concerning the original complaint.**
**Do not list any additional issues which are not part of your original complaint.**

**Why do you not agree with this response?**

_____
_____
_____

_____        _____        _____
Inmate's Signature        Intake Number        Date

## APPEAL RESPONSE

_____
_____
_____
_____
_____

_____        _____        _____        _____
Signature of Chief or Designee        Title        D.S.N.        Date

_____        _____        _____
Inmate's Signature        Intake Number        Date

If you leave the P.C.R.D.F. prior to receiving a response to your grievance, you may write us for the official response.  You must include a self-addressed stamped envelope and send your request to the attention of the Grievance Officer at the Pulaski County Regional Detention Facility 3201 W. Roosevelt Rd., Little Rock, AR 72204.
**DO NOT WRITE IN THIS SPACE !!!**

1

EXHIBIT "B"

# GRIEVANCE FORM
## ONLY ONE (1) GRIEVANCE PER SHEET

FOR OFFICE USE ONLY.
#:
Date Received:

**Inmate's Name:** Abraham Ollic          **Intake #:** 5508 - 17

**Unit:** U          **Job Assignment:** _____

**Have you discussed this problem with your Unit Deputy?** Yes ____ No ____

**Provide a description, or explain the nature of your problem:**

I have sent 3 Grivence forms in and
have not gotten no respones back and it's
been over 2 months. so now I'm beggin
for Help.

**What do you want to happen to solve your problem?**

med help

**Inmate's Signature:** Abraham Ollie          **Date:** 6-26-17

**Is this an emergency situation?** Yes ✓___ No ____ **If so, explain why.**

_____

(An emergency situation is one in which you may be subject to a substantial risk of bodily harm.  It should not be declared
for ordinary problems that are not of a serious nature.)  If you marked yes, you may give this completed form to any deputy
or department employee who will sign the attached emergency receipt, give you the receipt and deliver the remaining form,
without undue delay, to the Watch Commander, or designee.   **Reprisals:** If you are harmed or threatened because of your
use of the grievance form, report it immediately to the Watch Commander.

**Abuse of this program will result in disciplinary action.**

Tear Here

To be completed by the receiving member:

## RECEIPT FOR EMERGENCY SITUATIONS

Received from which inmate? : _____          Intake #: _____

Date: _____          Time: _____

_____          _____          _____
Printed Name of receiving member          D.S.N.          Signature of receiving member

**Branch Directive D05-0001**

Inmate's Name: _____ Intake #: _____ Grievance #: _____

## GRIEVANCE OFFICER'S DECISION

_____
_____
_____
_____
_____
_____
_____
_____
_____

| Signature of Grievance Officer or Designee | Title | D.S.N. | Date |

| Signature of inmate receiving response | Date |

## INMATE'S APPEAL

If you are not satisfied with this response you may appeal this decision within ten (10) days by completing the information below.  Remember, you are appealing the decision concerning the original complaint.

**Do not list any additional issues which are not part of your original complaint.**

Why do you not agree with this response?

_____
_____
_____

| Inmate's Signature | Intake Number | Date |

## APPEAL RESPONSE

_____
_____
_____
_____
_____

| Signature of Chief or Designee | Title | D.S.N. | Date |

| Inmate's Signature | Intake Number | Date |

If you leave the P.C.R.D.F. prior to receiving a response to your grievance, you may write us for the official response.  You must include a self-addressed stamped envelope and send your request to the attention of the Grievance Officer at the Pulaski County Regional Detention Facility 3201 W. Roosevelt Rd. Little Rock, AR 72204
DO NOT WRITE IN THIS SPACE !!!

1

EXHIBIT "C"

# GRIEVANCE EXTENSION NOTICE

BE ADVISED, INMATE _Artis Abraham_

BOOK-IN NUMBER _8809-17_ THAT ON THIS DATE

_08-17-17_ , A FORMAL EXTENSION HAS BEEN

FILED ON GRIEVANCE, DATED _08-09-17_

GRIEVANCE NUMBER _17-1189_

THE REASON FOR THIS EXTENSION IS:

_appeal ext_
_awaiting response_

INMATE SIGNATURE X_____ DATE X_____

OFFICER SIGNATURE _Sgt. Brawley_ DATE _08-17-17_

COPY

(unResponded) #2

# SICK CALL REQUEST FORM

INMATE NAME: _Abraham Ortiz_  DOB: _12/09/90_  INMATE NUMBER: _8808-17_

DATE: _____  FACILTY: _____  LOCATION/POD: _U_

REASON FOR REQUEST:

_I have a rash That Is Spreading over my body and have not Been Seen by med provider_

1. INMATES ACCESSING MEDICAL, MENTAL HEALTH, DENTAL OR PHARMACEUTICAL SERVICES WILL BE CHARGED IN ACCORDANCE WITH ARKANSAS STATUTES.

2. INMATES WILL NOT BE DENIED MEDICAL CARE DUE TO THE INABILITY TO PAY OR DUE TO INSUFFICIENT FUNDS IN THEIR INMATE ACCOUNT.

3. FEES FOR MEDICAL SERVICES WILL BE DEDUCTED DIRECTLY FROM AN INMATE'S ACCOUNT. IF THERE ARE INSUFFICIENT FUNDS IN THE ACCOUNT, THE FEES WILL BE DEBITED AND THE ACCOUNT WILL SHOW A NEGATIVE BALANCE. ANY MONEY DEPOSITED INTO AN ACCOUNT WITH A NEGATIVE BALANCE WILL BE USED TO SATISFY THE DEBT WITH THE FACILITY PRIOR TO BEING AVAILABLE FOR COMMISARY SERVICES.

INMATE SIGNATURES ARE REQUIRED PRIOR TO SUBMITTING REQUESTS, AND SIGNATURES ACKNOWLEDGE UNDERSTANDING OF THE SICK CALL PROCESS.

_Abraham Ortiz_                      _6-7-17_
INMATE SIGNATURE                      DATE

## ***MEDICAL STAFF USE ONLY BELOW THIS BOX***

RECEIVED BY MEDICAL:

_____       _____
MEDICAL SIGNATURE                DATE/TIME

ACTION TO BE TAKEN:

☐ SCHEDULE FOR SICK CALL      ☐ SCHEDULE FOR PROVIDER CLINIC      ☐ WRITTEN RESPONSE TO INQUIRY

☐ OTHER: _____

MEDICAL RESPONSE:

_____
_____
_____
_____

_____       _____
MEDICAL SIGNATURE                DATE/TIME

**TURN KEY HEALTH**                              ARKANSAS

# SICK CALL REQUEST FORM

INMATE NAME: _Abraham Ortiz_ DOB: _12/09/90_ INMATE NUMBER: _8808-17_

DATE: _____ FACILTY: _____ LOCATION/POD: _U_

REASON FOR REQUEST:

_I have been In This Jail for 3 weeks and have not Seen a Doctor for my Med Issue._

1. INMATES ACCESSING MEDICAL, MENTAL HEALTH, DENTAL OR PHARMACEUTICAL SERVICES WILL BE CHARGED IN ACCORDANCE WITH ARKANSAS STATUTES.

2. INMATES WILL NOT BE DENIED MEDICAL CARE DUE TO THE INABILITY TO PAY OR DUE TO INSUFFICIENT FUNDS IN THEIR INMATE ACCOUNT.

3. FEES FOR MEDICAL SERVICES WILL BE DEDUCTED DIRECTLY FROM AN INMATE'S ACCOUNT. IF THERE ARE INSUFFICIENT FUNDS IN THE ACCOUNT, THE FEES WILL BE DEBITED AND THE ACCOUNT WILL SHOW A NEGATIVE BALANCE. ANY MONEY DEPOSITED INTO AN ACCOUNT WITH A NEGATIVE BALANCE WILL BE USED TO SATISFY THE DEBT WITH THE FACILITY PRIOR TO BEING AVAILABLE FOR COMMISARY SERVICES.

INMATE SIGNATURES ARE REQUIRED PRIOR TO SUBMITTING REQUESTS, AND SIGNATURES ACKNOWLEDGE UNDERSTANDING OF THE SICK CALL PROCESS.

_Abraham Ortiz_                     _8-8-17_
INMATE SIGNATURE                     DATE

| ***MEDICAL STAFF USE ONLY BELOW THIS BOX*** |

RECEIVED BY MEDICAL:

_____     _____
MEDICAL SIGNATURE                     DATE/TIME

ACTION TO BE TAKEN:

□ SCHEDULE FOR SICK CALL     □ SCHEDULE FOR PROVIDER CLINIC     □ WRITTEN RESPONSE TO INQUIRY

□ OTHER: _____

MEDICAL RESPONSE:

_____
_____
_____
_____

_____     _____
MEDICAL SIGNATURE                     DATE/TIME

**TURN KEY HEALTH**                                             ARKANSAS

# SICK CALL REQUEST FORM

INMATE NAME: Abraham Oilie   DOB: 12/09/90   INMATE NUMBER: 8808-13

DATE: _____   FACILTY: _____   LOCATION/POD: U

REASON FOR REQUEST:

I have worte 3 SickCalls for my Herpes and have been Told I will be put on provider List and havent

1. INMATES ACCESSING MEDICAL, MENTAL HEALTH, DENTAL OR PHARMACEUTICAL SERVICES WILL BE CHARGED IN ACCORDANCE WITH ARKANSAS STATUTES.

2. INMATES WILL NOT BE DENIED MEDICAL CARE DUE TO THE INABILITY TO PAY OR DUE TO INSUFFICIENT FUNDS IN THEIR INMATE ACCOUNT.

3. FEES FOR MEDICAL SERVICES WILL BE DEDUCTED DIRECTLY FROM AN INMATE'S ACCOUNT. IF THERE ARE INSUFFICIENT FUNDS IN THE ACCOUNT, THE FEES WILL BE DEBITED AND THE ACCOUNT WILL SHOW A NEGATIVE BALANCE. ANY MONEY DEPOSITED INTO AN ACCOUNT WITH A NEGATIVE BALANCE WILL BE USED TO SATISFY THE DEBT WITH THE FACILITY PRIOR TO BEING AVAILABLE FOR COMMISARY SERVICES.

INMATE SIGNATURES ARE REQUIRED PRIOR TO SUBMITTING REQUESTS, AND SIGNATURES ACKNOWLEDGE UNDERSTANDING OF THE SICK CALL PROCESS.

Abraham Oilie                6-26-17
INMATE SIGNATURE             DATE

## ***MEDICAL STAFF USE ONLY BELOW THIS BOX***

RECEIVED BY MEDICAL:

_____        _____
MEDICAL SIGNATURE                 DATE/TIME

ACTION TO BE TAKEN:

☐ SCHEDULE FOR SICK CALL      ☐ SCHEDULE FOR PROVIDER CLINIC      ☐ WRITTEN RESPONSE TO INQUIRY

☐ OTHER: _____

MEDICAL RESPONSE:

_____
_____
_____
_____

_____        _____
MEDICAL SIGNATURE                 DATE/TIME

**TURN KEY HEALTH**                          ARKANSAS

Responded Late

# SICK CALL REQUEST FORM

INMATE NAME: _Abraham Oitiz_   DOB: _12/09/1990_   INMATE NUMBER: _____

DATE: _6/22/2017_   FACILITY: _Pulasky_   LOCATION/POD: _U_

REASON FOR REQUEST:

_I have to get my medication back I ran out_
_and get check for a stronger pills._

1. INMATES ACCESSING MEDICAL, MENTAL HEALTH, DENTAL OR PHARMACEUTICAL SERVICES WILL BE CHARGED IN ACCORDANCE WITH ARKANSAS STATUTES.

2. INMATES WILL NOT BE DENIED MEDICAL CARE DUE TO THE INABILITY TO PAY OR DUE TO INSUFFICIENT FUNDS IN THEIR INMATE ACCOUNT.

3. FEES FOR MEDICAL SERVICES WILL BE DEDUCTED DIRECTLY FROM AN INMATE'S ACCOUNT. IF THERE ARE INSUFFICIENT FUNDS IN THE ACCOUNT, THE FEES WILL BE DEBITED AND THE ACCOUNT WILL SHOW A NEGATIVE BALANCE. ANY MONEY DEPOSITED INTO AN ACCOUNT WITH A NEGATIVE BALANCE WILL BE USED TO SATISFY THE DEBT WITH THE FACILITY PRIOR TO BEING AVAILABLE FOR COMMISARY SERVICES.

INMATE SIGNATURES ARE REQUIRED PRIOR TO SUBMITTING REQUESTS, AND SIGNATURES ACKNOWLEDGE UNDERSTANDING OF THE SICK CALL PROCESS.

_____   _6/22/2017_
INMATE SIGNATURE            DATE

### MEDICAL STAFF USE ONLY BELOW THIS BOX

RECEIVED BY MEDICAL:

_____   _6/23/17_
MEDICAL SIGNATURE           DATE/TIME

ACTION TO BE TAKEN:

☐ SCHEDULE FOR SICK CALL     ☐ SCHEDULE FOR PROVIDER CLINIC     ☐ WRITTEN RESPONSE TO INQUIRY

☐ OTHER: _____

MEDICAL RESPONSE:

_You have been placed on Provider list for_
_This issue on 6/13/17_

_____   _6/24/17  ORR_
MEDICAL SIGNATURE           DATE/TIME

TURN KEY HEALTH
ARKANSAS