**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

ABRAHAM DE JESUS ORTIZ-MORAN                                    PLAINTIFF

v.                                    4:17CV00545-JTK

TURN KEY HEALTH, et al.                                    DEFENDANTS

**MEMORANDUM AND ORDER**

**I.    Introduction**

Plaintiff Ortiz-Moran filed this lawsuit pursuant to 42 U.S.C. § 1983 while incarcerated at

the Pulaski County Detention Facility (Jail).   He alleged Defendants were deliberately indifferent

to his serious medical needs and denied him necessary treatment related to his genital herpes.

Defendant Pulaski County Detention Facility was dismissed on October 19, 2017 (Doc. No. 17).

This matter is before the Court on the Motion for Summary Judgment, Brief in Support,

and Statement of Facts filed by remaining Defendants Turn Key Health, J. Pratt, Mitchell, and

Cooper (Doc. Nos. 20-22).   By Order dated June 4, 2018 (Doc. No. 23), this Court directed

Plaintiff to file a Response to the Motion within fifteen days of the date of the Order, noting that

failure to respond would result in all of the facts set forth in Defendants' Motion and Brief being

deemed admitted by Plaintiff pursuant to Local Rule 56.1(c), or in dismissal without prejudice of

his Complaint, pursuant to Local Rule 5.5(c)(2).[1]   The copy of the Order sent to Plaintiff at the

---

[1]Rule LR5.5(c)(2) of the Rules of the United States District Courts for the Eastern and
Western Districts of Arkansas provides as follows:

> It is the duty of any party not represented by counsel
> to promptly notify the Clerk and the other parties to
> the proceedings of any change in his or her address,
> to monitor the progress of the case and to prosecute
> or defend the action diligently . . . . If any communi-

Jail was returned to the Court as undeliverable on June 13, 2018 (Doc. No. 24). As of this date, Plaintiff has not filed a Response to the Motion, and has not otherwise corresponded with the Court.

## II.    Complaint

Plaintiff alleged he suffered from genital herpes, and notified medical personnel at the Jail of this during his intake medical screening on May 25, 2017. (Doc. No. 1, p. 5) He was seen by Nurse Harrison on June 23, 2017, in response to a sick call medical request, yet she did not properly diagnose or treat him at that time. (Id., p. 6)) Turn Key Health, Pratt, and Mitchell were made aware of his symptoms (stress, worry, anxiety, dizziness, and pain in the lower abdomen) through grievances and sick call medical requests, but denied him necessary medical treatment. (Id., p. 7) Plaintiff claimed all Defendants refused to make adequate diagnostic medical efforts necessary to determine the severity of his conditions, and acted with deliberate indifference and reckless disregard to his need for medical care. (Id., p. 8)

## III.    Summary Judgment Motion

Pursuant to Fed.R.Civ.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.   Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).   "The moving party bears the

---

cation from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. . . .

initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'"  Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998), (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'"  Id. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "all material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party."  Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas.  Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion. FED.R.CIV.P. 56(e)(2).

According to the facts set forth by Defendants in their Statement of Undisputed Material Facts (Doc. No. 22), which Plaintiff does not dispute, Plaintiff was examined by Tina Moore upon intake into the Jail on May 25, 2017, and reported that he took medication for herpes valacyclorvir. (Doc. No. 20-1, pp. 3-4) The nurse confirmed his report of a genital rash and that the Jail received his medications from his prior correctional facility. (Id., pp. 4-5, 9) Plaintiff was given that medication from May 26, 2017, until June 9, 2017. (Doc. No. 20-2, pp. 1-4)  Plaintiff was seen

by Nurse Humphrey on June 13, 2017, for his complaint that his condition was worse and that he needed a different medication. (Doc. No. 20-1, p. 30) Nurse Humphrey reported a plan to notify the provider, and over the next two months, Plaintiff did not complain about symptoms related to his herpes condition. (Id., pp. 30-46)

Plaintiff was seen by Nurse Cook on August 17, 2017 after complaining of bumps to his penis and mid-chest area. (Id., p. 47). Cook scheduled Plaintiff to be seen by the provider, and the next day, Plaintiff saw APRN Chase. (Id., p. 49)   Chase ordered Plaintiff to be treated with a new medication, acyclovir 400 milligrams, twice per day, and Plaintiff continued to receive this medicine through October, 2017. (Id., pp. 53, 54; Doc. No. 20-2, pp. 10, 13, 15-17)   On September 29, 2017, Plaintiff was seen by Nurse Harrison for treatment of a rash on his chest, and Harrison ordered hydrocortisone cream. (Doc. No. 20-1, p. 57)   Plaintiff also complained on September 29, 2017, that the acyclovir was not providing relief, and Nurse Harrison received an order to increase the dose by 200 milligrams for five days. (Id., p. 60)

Plaintiff saw Nurse Roberts on October 10, 2017, for a complaint of rash on his penis with discharge, and she treated him with nystatin cream and diflucan. (Id., pp. 62-66)   Plaintiff received these medications on October 17-18, 2017. (Doc. No. 20-2, p. 16)   Plaintiff was seen by Dr. Lubna Maruf on November 22, 2017, for continued problems with his herpes rash, and she ordered Lamisil cream for additional treatment of his condition. (Doc. No. 60-1, pp. 69, 73-74) Plaintiff did not complain of any herpes-related issues during the remainder of 2017, and continued to receive the acyclovir and terbinafine cream through April, 2018. (Id., p. 76; Doc. No. 20-3)

Based on this medical record, Defendants state Plaintiff cannot present any evidence that they were deliberately indifferent to his serious medical needs.   In addition, Defendants state that

4

Plaintiff presented no evidence that Pratt, Mitchell or Cooper were involved in the care at issue in this case, as they are not identified as involved in his medical records.   Defendant Turn Key Health also states that Plaintiff provides no evidence of a company policy, custom, or official action which caused him injury or contributed to his injury, citing Johnson v. Hamilton, 452 F.3d 967, 973 (8th Cir. 2006). Finally, Defendants state that Plaintiff's state law medical malpractice claim should fail because he did not present expert testimony in support of his claim, as required by the Arkansas Medical Malpractice Act, Ark. Code Ann. § 16-114-201, et seq.

In order to support a claim for an Eighth Amendment violation, Plaintiff must prove that Defendants were deliberately indifferent to a serious medical need.   Farmer v. Brennan, 511 U.S. 825, 834 (1994).   However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference.   Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995).   See also Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990) (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment).   Furthermore, prison physicians are entitled to exercise their medical judgment, and "do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment."   Long v. Nix, 86 F.3d  761, 765 (8th Cir. 1996).   In addition, an inmate who complains that a delay in medical treatment constitutes a constitutional violation must provide "verifying medical evidence" in the record to establish the detrimental effect of the delay, in order to succeed on his claim.   Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir.

5

1995) (overruled in part on other grounds).   Finally, "[i]n the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that [he] did not feel [he] received adequate treatment."   Dulany, supra, 132 F.3d at 1240.

In this case, absent any dispute from Plaintiff to the contrary, the Court finds as a matter of law that Defendants did not act with deliberate indifference to his serious medical needs. The medical records show that Plaintiff was treated continuously by non-party medical personnel at the Jail, and Plaintiff provides no evidence that the individual Defendants named in his Complaint were involved in denying him medical care and treatment.   In addition, he provides no evidence of a wide-spread policy or practice by Turn Key Health which contributed to an injury.   Finally, pursuant to McLaurin v. Prater, this Court will dismiss without prejudice Plaintiff's supplemental state law medical malpractice claim. 30 F.3d 982, 984-94 (8th Cir. 1994).

## IV.    CONCLUSION

IT IS, THEREFORE, ORDERED that:

1.    Defendants' Motion for Summary Judgment (Doc. No. 20) is GRANTED.

2.    Plaintiff's constitutional claims against Defendants are DISMISSED with prejudice.

3.    Plaintiff's state law medical malpractice claim is DISMISSED without prejudice.

An appropriate Judgment shall accompany this Memorandum and Order.

IT IS SO ORDERED this 10th day of July, 2018.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE